J-S12014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRETT MICHAEL SMEAL :
:
Appellant : No. 757 MDA 2018

Appeal from the Judgment of Sentence Entered April 18, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000287-2017,
CP-41-CR-0000499-2018

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.: **FILED OCTOBER 30, 2019**

Brett Michael Smeal appeals from the judgment of sentence of six to twelve years of incarceration that was imposed after he pled guilty to failing to verify his address and failing to provide accurate registration information, as required under the Pennsylvania Sex Offender Registration and Notification Act ("SORNA").[1] Appellant's counsel, Dance Drier, Esquire, has filed a petition to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). We grant counsel's request to withdraw and affirm the judgment of sentence.

---

[1] This Court does not quash the present appeal, despite Appellant's failure to file separate notices at each docket number, as this appeal was filed prior to the decision in *Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018), which applies prospectively.

On September 9, 2013, Appellant was convicted of unlawful contact or communication with a minor based on an incident that occurred on June 13, 2013, and he was sentenced to six to twenty-three months of incarceration in the Lycoming County prison. As a result of this conviction, Appellant was deemed a Tier II sexual offender, and was required to register for a period of twenty-five years pursuant to SORNA.

In December of 2016, Appellant moved from his registered address, but did not register the change with the Pennsylvania State Police ("PSP"). The Commonwealth charged Appellant with failing to comply with sexual offender registration requirements under SORNA. On August 23, 2017, Appellant pled guilty to the charge in exchange for an agreed-upon sentence of thirteen to sixty months of incarceration. Sentencing was deferred in order for a pre-sentence investigation report to be prepared. However, Appellant failed to appear for sentencing twice, resulting in the revocation of the plea agreement and his bail.

In March of 2018, Appellant was charged at a separate information with twelve counts of failing to provide accurate registration information and three counts of failing to register with the PSP after Appellant did not provide accurate information regarding his employment, his Facebook account, and his email address. On April 18, 2018, Appellant appeared before the trial court to enter an open guilty plea at both cases. Appellant pled guilty at each case to one count of failing to register in exchange for the Commonwealth's

withdrawal of the remaining charges. The trial court sentenced Appellant to an aggregate sentence of six to twelve years of incarceration.

Appellant filed a timely notice of appeal. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement and the clerk of courts to prepare the appropriate transcripts within fourteen days after receipt of a request by Appellant. Counsel filed a timely concise statement, but did not order any transcripts. In response, the trial court authored an opinion.

Before this Court, counsel filed both an *Anders* brief and a petition to withdraw as counsel. However, because counsel had not reviewed the hearing transcripts we denied his request to withdraw and remanded the case for further proceedings. After requesting and reviewing the transcripts, counsel filed a second *Anders* brief and a petition to withdraw as counsel, which triggers specific requirements:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

*Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.Super. 2007). Our Supreme Court has also clarified portions of the *Anders* procedure:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the

procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statues on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361. If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id*. at 354 n.5.

Counsel's petition to withdraw and *Anders* brief substantially complies with the requirements set forth above. Counsel has set forth the case history, referred to an issue that arguably supports the appeal, stated his conclusion that the appeal is frivolous, and cited to controlling case law. *See Anders* brief at 7-14. Additionally, counsel has twice given Appellant proper notice of his right to immediately proceed *pro se* or retain another attorney.[2] *See Santiago*, *supra*; Petition to Withdraw, 1/14/19, at 2; Petition to Withdraw, 10/8/19, at unnumbered 2. Accordingly, we proceed to an examination of the issue raised to discern if it is frivolous. *Commonwealth v. Dempster*, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*).

Counsel identified one issue that arguably supports this appeal: "Did the trial court fail to apply or erroneously apply any new laws or acts regarding

---

[2] Appellant did not file a response to either of counsel's petitions.

Pennsylvania's Sex Offender Registration and Notification Act (SORNA) which may have affected Appellant's sentence or periods of registration?" **Anders** brief at 7. More specifically, he addresses whether the holding in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) invalidated Appellant's failure-to-register convictions such that they should be vacated. **Id**. at 12. Alternatively, counsel posits that Appellant should be subject to a lesser period of registration under Act 10.[3] **Id**. at 13.

To the extent that Appellant wishes to challenge the duration of his underlying registration requirements, he cannot do so here. This appeal is from Appellant's judgments of sentence in his two failure-to-register cases, **not** the case in which he was convicted of the underlying sexual offense. As a result, any consideration of his registration requirements that are the result of his prior conviction, which has long been final and is not before us, would be improper.

Regarding the validity of Appellant's failure-to-register convictions in light of the holding in **Muniz**, we observe that **Muniz** does not apply to Appellant's case. In **Muniz**, our Supreme Court held that retroactive

---

[3] In response to the holding in **Muniz**, the legislature enacted Act 10, a new subchapter of SORNA, which applies to individuals who were convicted of a sexually violent offense after April 22, 1996, but before December 20, 2012 whose period of registration has not expired and to those who were required to register under a former registration law and their period of registration has not expired. 42 Pa.C.S. § 9799.52 (effective February 21, 2018). Act 29 of 2018 reenacted Act 10, effective June 12, 2018.

application of SORNA violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **Muniz**, **supra** at 1193-96, 1216. Appellant committed all of his offenses in 2013, after SORNA was already in effect. Therefore, SORNA was never retroactively applied to Appellant. As such the holding in **Muniz** is not relevant and Appellant's claim is meritless. **See Commonwealth v. Horning**, 193 A.3d 411, 417 (Pa.Super. 2018) (holding that the critical inquiry for determining whether the application of SORNA to a convicted sex offender violates *ex post facto* prohibitions is the date of the offense).

Further, we have conducted a "full examination of the proceedings" and have determined that "the appeal is in fact wholly frivolous."[4] **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa.Super. 2015). Since our review did not disclose any other arguably meritorious claims, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence. **Dempster**, **supra** at 273.

Petition of Dance Drier, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

---

[4] We undertook our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014). No viable claims or defenses on those subjects are apparent from the record before us.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/2019